UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W & H FOOD & GAS, INC.,

    Plaintiff,

v.

Civil Case No. 17-11096
Honorable Linda V. Parker
Magistrate R. Steven Whalen

UNITED STATES OF AMERICA,

    Defendant.
_____/

# **OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff W & H Food & Gas, Inc. ("Plaintiff") initiated this lawsuit seeking *de novo* judicial review of the Food and Nutrition Service's ("FNS") decision to permanently disqualify Plaintiff from participating in the Supplemental Nutrition Assistance Program (SNAP, formerly known as the Food Stamp Program). (ECF No. 1.) This matter is presently before the Court on Defendant United States of America's ("Defendant") summary judgment motion. (ECF No. 22.) The motion has been fully briefed. (ECF No. 22, 25 & 26.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

I.      **Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II. Procedural and Factual Background

Plaintiff is a convenience store in Ypsilanti, Michigan. (ECF No. 22 at Pg ID 293.) On December 14, 2016, a contractor inspected the store on behalf of the Food and Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"). (*Id.*) The inspection revealed some abnormalities: (1) the store lacked signs of any wholesale business and (2) the store offered for sale expired and/or outdated food. (*Id.* at 293-94). Subsequently, an FNS program specialist analyzed the store inspection and other data about the store, finding: (1) SNAP beneficiaries would not prefer Plaintiff's store over other stores in the area due to its limited options, and (2) store data and purchaser data revealed evidence

3

of "unusual, irregular, and inexplicable SNAP activity" that were indicative of trafficking[1]. (*Id*. at 294-297.)

On January 9, 2017, the FNS issued a charge letter asserting Plaintiff engaged in trafficking. (ECF No. 22-5.) In response, Plaintiff asserted a general denial of any wrongdoing, and requested a civil money penalty. (ECF No. 25 at Pg ID 419.) The FNS determined that trafficking occurred, declined Plaintiff's request for a civil money penalty and declared Plaintiff permanently disqualified from SNAP. (ECF No. 22 at Pg ID 298; ECF No. 25 at Pg ID 419.) In response, Plaintiff requested an administrative review. (ECF No. 25 at Pg ID 419.) Believing Plaintiff to provide no specific counterarguments, the FNS issued a final agency decision concluding: (1) trafficking occurred; (2) Plaintiff's general denial did not overcome the preponderance of evidence of trafficking; (3) Plaintiff's request for a civil money penalty was rejected; and (4) Plaintiff was permanently disqualified from SNAP. (ECF No. 22 at Pg ID 298-99; ECF No. 25 at Pg ID

---

[1] The term "trafficking" comprises a number of fraudulent schemes, including "buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via [EBT] cards … for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." 7 C.F.R. § 271.2.

419.) Plaintiff subsequently filed the instant suit seeking judicial review under 7 U.S.C. § 2023. (ECF No. 1.)

**III. Applicable Law & Analysis**

**A. Subject Matter Jurisdiction**

The Court has jurisdiction to review whether the FNS acted within its authority in determining whether Plaintiff violated the SNAP requirements. *See Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993). The Court lacks jurisdiction, however, to review the penalty imposed. *See Bakal Brothers v. United States*, 105 F.3d 1085, 1089 (6th Cir. 1997) ("The determination of the appropriate sanction is left to the discretion of the Secretary, [and] this determination is not open to judicial review.") (citations omitted). Accordingly, the Court will review the FNS's decision to permanently disqualify Plaintiff from SNAP; but will decline to review the penalty imposed for lack of jurisdiction.

**B. Plaintiff's Disqualification**

If a retailer is found to have participated in trafficking, as defined by 7 C.F.R. § 271.2, a store may be permanently disqualified from SNAP. 7 C.F.R. § 278.6(e). Trafficking—*even once*—may carry the penalty of permanent disqualification. 7 U.S.C. § 2021(b)(3)(B). The retailer bears the burden of

proving, by preponderance of the evidence, that the violations did not occur. *See Warren v. United States*, 932 F.2d 582, 586 (6th Cir. 1991) (citation omitted). If the owner can demonstrate it had an "established [] effective policy and program to prevent trafficking," the sanction for trafficking may be reduced from permanent disqualification to a money penalty. *Bakal Brothers*, 105 F.3d at 1088-89. Still, the penalty imposed is not open to judicial review. *Id*. at 1089 (citing *Goldstein*, 9 F.3d at 524). As such, this Court will only review the FNS's decision to permanently disqualify Plaintiff from SNAP.

Plaintiff has failed entirely to address or refute numerous unusual transactions flagged by the FNS. Plaintiff has only offered the FNS and this Court a blanket denial of any violation of SNAP requirements. However, a mere denial of any wrongdoing does nothing to even slightly tip the balance of evidence in Plaintiff's favor. Furthermore, Plaintiff failed to challenge the FNS's evidence in interrogatories directed at it, asking whether Plaintiff had any objection, challenge, or critique of the data relied on in the FNS's charge letter or case analysis. (ECF No. 22 at Pg ID 299.) Plaintiff responded that it had no objection. (*Id*.) Having been given no reason to question, doubt or challenge the FNS's determination to

permanently disqualify Plaintiff from SNAP, the Court will grant Defendant's summary judgement motion and dismiss Plaintiff's complaint.

## IV. Conclusion

For the reasons set forth above, the Court finds no genuine issues of material fact precluding summary judgment in Defendant's favor on Plaintiff's request for judicial review of its SNAP disqualification.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED**, with prejudice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 15, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager